## CURRIER v. BATES.

1. **Partnership:** APPROPRIATION OF FIRM PROPERTY BY PARTNER: LIABILITY TO COPARTNER. Where a partner with the assent of his copartner appropriates firm property to the payment of his individual debts, he will, notwithstanding such assent, be held to account to his copartner for the property so appropriated.

*Appeal from Adams Circuit Court.*

FRIDAY, DECEMBER 14.

ACTION in chancery to settle the business of a copartnership, and to recover an amount due plaintiff, one of the partners, which he alleges is in the hands of defendant, his copartner. The cause was sent to a referee, and upon his' report a decree was entered for the value of the assets of the firm found to be in defendant's hands. Defendant appeals.

*Frank M. Davis* and *Anderson & Towner*, for appellant.

*Thomas L. Maxwell*, for appellee.

BECK, J.—I. The evidence establishes the following facts:

Plaintiff and defendant entered into a copartnership for the purpose of buying and shipping grain. The business was mainly done by defendant. The grain was purchased in the name of the firm, but the shipments were made all in the name of defendant, and the remittances for grain sold were made to him and in his name. A number of shipments were made in this way to dealers in Chicago, with whom defendant, before the formation of the partnership, had business transactions of the same character on his own account. It is probable that these dealers knew of the existence of the partnership between plaintiff and defendant, but there is no evidence tending to show that they knew that the grain shipped them in defendant's name belonged to the firm. Upon transactions connected with option deals, there was a balance due from defendant to them, and the proceeds of certain car loads of grain bought by the firm and shipped to them in defendant's name they credited to the account of defendant in payment of the transactions in options. Defendant denies indebtedness to the Chicago dealers, which is not established by the evidence before us. The evidence shows that plaintiff knew of the manner in which defendant conducted the business, but did not assent to the shipments in defendant's name, and remittances to him individually.

II. It cannot be doubted that, if defendant appropriated the grain belonging to the firm, or the proceeds thereof, he is liable to be charged therefor. We think the evidence sufficiently establishes such an appropriation of the firm property—the grain, or its proceeds, which remains unaccounted for, and is claimed to have been credited to defendant by the Chicago dealers. The facts upon which we base this conclusion are these: Defendant shipped the grain in his own name in the same manner as prior shipments to the same dealers, and in the same way secured remittances from them. He did not advise the consignees that it was firm property. No other act was required to induce the belief on the part of the consignees that the grain belonged to

defendant. The knowledge of plaintiff of the manner the business was conducted, without objection thereto, would amount to assent to the appropriation by defendant. But such assent does not defeat the plaintiff's right to recover his interest in the property. Now, although defendant in fact was not indebted to the Chicago dealers, the appropriation was nevertheless made.

We think the facts present a clear case of the appropriation of the property of the firm by defendant. Upon this ground, we think the judgment of the circuit court ought to be

AFFIRMED.